The opinion of the Court was delivered by
Mr. Justice Nott.
From a view given of this case by the Judge before whom it was tried, it is abundantly apparent that the prosecution was malicious, groundless, and without any probable cause. This Court, therefore, will not be disposed to relieve the defendant from the verdict in any way, unless some invincible rule of law shall require it; and in making up the opinion which it is my duty to deliver, I shall pass by those grounds which appear to be introduced merely for the sake of form, or are not stated with sufficient precision to deserve the consideration of the Court. The only ground for a nonsuit which deserves attention is, because a copy of the indictment was not obtained, by an order of the Judge, before the action was commenced.
*309 The rule of Court which requires that a person shall obtain a Judge’s order for a copy of the indictment, before he shall be permitted to commence an action for a malicious prosecution, re- - lates only to prosecutions for felony. In this case, the only indictment preferred to the Grand Jury was for a misdemeanor. The motion, therefore, cannot be sustained on that ground. It also appears that the indictment for the misdemeanor was rejected by the Grand Jury, and never came •before the Court; and it is at least doubtful whether a Judge’s order would have been necessary in such a case, if the indictment had been for a felony. But as there is a case before the Court involving that question, I shall give no opinion upon it at present.
The motions in arrest of judgment are,
1st. Because there are two distinct causes of action blended in the same count; at all events, the subject matter of two distinct counts.
Admitting the fact to be as stated, it would not be a good ground in arrest of judgment. Matters which may constitute two counts in a declation, may be embraced in one, where they are not incompatible; as, for money had and received, laid out, and expended, &c. But in this case the fact does not exist; the declaration gives a history of the transaction. It recites, in substance, that the defendant obtained a warrant, and procured the plaintiff to be arrested for stealing a sheep; that on the return of the *310 Warrant, instead of prosecuting that charge, he preferred a bill of indictment against him for converting the sheep to his own use, contrary to the act regulating the disposition of estrays. It is one substantive connected charge, tending to show the malice of the defendant.
The second ground is involved in, and decided by, the first.
The third is, because the charges in the indictment are not averred in the declaration to be false, malicious, or without probable cause. But by a reference to the declaration, it will be found that the charges are expressly declared to be false, malicious, and without probable cause.
The last ground is, that the writ is tested two terms before the return; but that objection comes too late.
The first ground for a new trial embraces facts which do not appear in the report of the presiding Judge, and therefore cannot be considered by this Court.
The second and last ground is, that the presiding Judge refused to admit in evidence declarations of the plaintiff’s wife, either before or after marriage. This ground is attempted to be supported by a rule of law laid down in the case of Bent and Baker, (3 Term Reports, 27,) that ifj after the event, the witness become interested by his own act, without the interference or consent of the party by whom he is called, such subsequent interest will not render him incompe* *311 lent. (Peake, 157.) The correctness of this rule to the extent there laid down, seems to be questioned by later authorities. (Phillips, 100.) But it is not material in this case how that question is determined. The rule is, that the party interested may nevertheless be sworn; but it has never been determined that his declarations should be given in evidence. There was no attempt in this case to make the plaintiff’s wife a witness, so that the case does not come within the principle decided. If an offer had been made to call her as a witness, it is probable the result would have been the same; but it is not necessary to give an opinion on that point.
The motions of the defendant must all be refused.
Colcock, Cheves, Gantt, and. Johnson, J. com curred.